**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

WILLIAM C. HUGENBERG, JR.,
　　　　　　Appellant,

　　　　　v.

DEPARTMENT OF COMMERCE,
　　　　　　Agency.

DOCKET NUMBER
DE-1221-10-0530-B-2

DATE: August 11, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

William C. Hugenberg, Jr., Grand Junction, Colorado, pro se.

Tyree P. Ayers, Esquire, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1　　The appellant has filed a petition for review of the remand initial decision, which denied his request for corrective action in this individual right of action (IRA) appeal. Generally, we grant petitions such as this one only in the following circumstances: the remand initial decision contains erroneous findings of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

material fact; the remand initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the remand initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the remand initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2  The Board remanded this appeal for limited proceedings consistent with the U.S. Court of Appeals for the Federal Circuit's decision in *Whitmore v. Department of Labor*, 680 F.3d 1353, 1368 (Fed. Cir. 2012), and instructed the administrative judge to take further testimony and to revisit his findings and determinations regarding the relevancy of disallowed witnesses.  *Hugenberg v. Department of Commerce*, 120 M.S.P.R. 381 (2013).  This appeal is now before us after remand.

¶3  The agency terminated the appellant from his position as Local Census Office Manager for the Grand Junction Local Census Office (GJLCO) on February 23, 2010, prior to the end of his term appointment, based on unacceptable conduct and performance.  *Hugenberg v. Department of Commerce*, MSPB Docket No. DE-1221-10-0530-W-1, Initial Appeal File (IAF), Tab 11, Subtab 2.  The appellant subsequently filed a whistleblower reprisal complaint with the Office of Special Counsel (OSC).  IAF, Tab 6, Subtab 15.  After receiving OSC's closeout letter, he filed the instant IRA appeal, in which he

alleged that the agency terminated him in retaliation for his protected whistleblower disclosures.[2]  IAF, Tab 1.

¶4    On appeal, the appellant claimed that the Regional Census Center (RCC) caused the problems that prevented him from successfully selecting, enrolling, hiring, and training employees and that he was "being set up as a scapegoat" in retaliation for making two whistleblowing disclosures.  *Id.*  Specifically, the appellant claimed his first disclosure was a letter dated February 20, 2010, which he sent to the agency's Office of the Inspector General (OIG), with copies to the Census Bureau Director, U.S. Senators Michael Bennett and Mark Udall, and U.S. Representative John Salazar.  *Id.*, Exhibit 3.  In the letter, the appellant requested an investigation into "poor prior planning and software defects noted in [the OIG's February 2010 Quarterly] report," and he asserted that, due to problems with the agency's payroll software, the GJLCO was unable to meet hiring goals and certain GJLCO employees were being underpaid.  *Id.*

¶5    The appellant claimed his second disclosure concerned complaints he made to the Regional Manager for Quality Assurance from December 2009, through February 2010, regarding the Regional Technician (RT).  *Hugenberg v. Department of Commerce*, MSPB Docket No. DE-1221-10-0530-W-3, Appeal File (W-3 AF), Tab 5 at 14-17.  The appellant indicated that he had observed the RT's disheveled and unkempt appearance and erratic behavior.  He also contended that the RT had been involved in inappropriate relationships with females in the GJLCO, which violated sexual harassment rules, significantly interfered with hiring, and, in one instance, caused a safety issue when a female staffer's boyfriend became aware of the RT's purported affair with the staffer.  *Id.*

---

[2] A more detailed background is set forth in our remand decision and the administrative judge's initial decision.  *Hugenberg*, 120 M.S.P.R. 381, ¶¶ 2-8; *Hugenberg v. Department of Commerce*, MSPB Docket No. DE-1221-10-0530-W-3, Initial Decision at 2-6 (Mar. 6, 2012).

¶6	On appeal, the administrative judge found Board jurisdiction over the appellant's IRA appeal and held a hearing. W-3 AF, Tab 8, Initial Decision (ID) at 5. The administrative judge ultimately found that the agency proved that it would have terminated the appellant in the absence of his disclosures regarding the RT. ID at 10-15. Therefore, the administrative judge denied the appellant's request for corrective action. ID at 15. The Board granted the appellant's petition for review, finding that the administrative judge failed to identify all of the issues and denied relevant evidence, and remanded the appeal for further adjudication. *Hugenberg*, 120 M.S.P.R. 381.

¶7	On remand, the administrative judge granted the appellant's request to consider his February 18 and 19, 2010 disclosures directly to RCC management concerning problems he found with the Decennial Application Personnel and Payroll System (DAPPS) as protected disclosures which were contributing factors in the agency's decision to terminate his employment. *Hugenberg v. Department of Commerce*, MSPB Docket No. DE-1221-10-0530-B-2, Remand Initial Decision (RID) at 5 (Apr. 28, 2016). The administrative judge also reconsidered the parties' request for relevant witnesses and revisited his findings and determinations as to the relevancy of the remaining proposed witnesses. After holding a supplemental hearing, the administrative judge found that management officials involved in the appellant's termination lacked any retaliatory motive because they credibly testified that they had not received the appellant's February 20, 2010 letter prior to taking the action to terminate him. The administrative judge further analyzed the appeal in accordance with *Whitmore* and again found that the agency presented clear and convincing evidence that it would have removed the appellant in the absence of his protected disclosures concerning the RT and his allegations that he made disclosures concerning the DAPPS problems. RID at 8-13. Accordingly, the administrative judge denied the appellant's request for corrective action. RID at 14.

¶8    The appellant has filed a petition for review of the remand initial decision. Remand Petition for Review (RPFR) File, Tab 1. The agency has filed a response. RPFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶9    The appellant argues on review that the administrative judge erred in denying his motion to add his disclosure of inaccurate pay rates to his appeal, and he asserts that the administrative judge failed to explain the basis for the denial. RPFR File, Tab 1 at 5. In this connection, the appellant asserts that, after finding that the inaccurate pay rate claim was not properly before the Board, the administrative judge further erred by excluding his witness L.N., based on his finding that "her alleged bias against him is unrelated to any accepted whistleblowing disclosures." RPFR File, Tab 1 at 5-7; *Hugenberg v. Department of Commerce*, MSPB Docket No. DE-1221-10-0530-B-1, Remand File (RF), Tab 14.

¶10    However, contrary to the appellant's assertion otherwise, the administrative judge explicitly stated in his February 14, 2014 Order and Summary of Status Conference, that he denied the request to add the pay rates disclosure. RF, Tab 14. He reasoned that the appellant failed (1) to show that he raised and exhausted this alleged disclosure before OSC, or (2) to show that he raised it before the Board in his prior petition for review. *Id.* As to the denial of L.N. as a witness, the administrative judge has wide discretion under 5 C.F.R. § 1201.41(b)(8), (10) to exclude witnesses when it has not been shown that their testimony would be relevant, material, and nonrepetitious. *Franco v. U.S. Postal Service*, 27 M.S.P.R. 322, 325 (1985). Here, because the proffered testimony for the witness was related to the appellant's pay rates disclosure, the administrative judge properly denied the witness because the proffered testimony was irrelevant to any accepted whistleblowing disclosure. RF, Tab 14. While the appellant disagrees with administrative judge's rulings concerning the inaccurate pay rate

claim and witness L.N., he has provided no basis upon which to disturb the rulings.

¶11    The appellant also asserts that the administrative judge failed to apply the Whistleblower Protection Enhancement Act of 2012, Pub. L. No. 112-199, 126 Stat. 1465, and he appears to argue that, because this case was remanded for the administrative judge to apply *Whitmore* to the analysis of his disclosures concerning the RT, the administrative judge was required to thoroughly reanalyze all of the claims he raised below and even address new arguments he raised for the first time on remand. RPFR File, Tab 1 at 7. For example, the appellant argues on review that the administrative judge erred by failing to consider all of the potential categories of protected disclosures that were raised in his original initial appeal but were not addressed in the initial decision. *Id.* at 8. The appellant contends that, as a result, the Board "had no knowledge" of the various other potential categories of protected disclosures when it issued the decision remanding the appeal and limited the *Whitmore* analysis to only "disclosures regarding the RT." *Id.*

¶12    We disagree. The Board remanded this appeal for the limited purposes of determining whether the appellant's February 20, 2010 letter was a contributing factor in his termination, additional findings and an analysis under *Whitmore* as to the appellant's disclosures concerning the RT, to have the administrative judge revisit his findings and determinations about the relevancy of the remaining proposed witnesses, and further reasoning for his excluding any witnesses. Thus, contrary to the appellant's arguments, the administrative judge appropriately limited his review to those areas.

¶13    Furthermore, if the appellant believed that there were issues not addressed in the original initial decision that should have been considered by the Board on review, it was the appellant's responsibility to raise those arguments in his earlier petition for review. The appellant did not do so, and the Board will not address his arguments regarding the initial decision for a first time on review absent a

showing that they are based on new and material evidence not previously available despite his due diligence. The appellant has not made such a showing here.

¶14 Similarly, the appellant argues for the first time on review that the administrative judge erred by "ignoring the extent" that the agency "abused its authority" by subjecting him to a "hostile work environment." RPFR File, Tab 1 at 9. However, because the appellant has made no showing that this argument is based on new and material evidence not previously available despite his due diligence, the Board has not considered it on review. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980).

¶15 The appellant also argues that the administrative judge failed to properly apply *Whitmore*, failed to apply the "cat's paw analysis" and the "mosaic" theory of retaliation, and he reasserts that the administrative judge misapplied the clear and convincing standard, favored the agency, and cherry picked the evidence. RPFR File, Tab 1 at 10-11, 18-22. We disagree. In raising these arguments, the appellant merely reiterates his claim that his termination was pretext, and he challenges the administrative judge's interpretation of the evidence and his credibility determinations concerning the hearing testimony. *Id.* at 18-22, 24-28. Additionally, the appellant argues that the administrative judge discounted his fully corroborated testimony. *Id.* at 23.

¶16 We have considered the appellant's arguments on review concerning the administrative judge's weighing of the evidence, however, and we discern no reason to reweigh the evidence or substitute our assessment of the record evidence for that of the administrative judge. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on issues of credibility); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same); *see also Haebe v. Department of Justice*, 288 F.3d 1288, 1302 (Fed. Cir. 2002)

(finding that the Board may overturn credibility determinations that are implicitly or explicitly based on demeanor only when it has "sufficiently sound" reasons for doing so).

¶17    Specifically, the administrative judge revisited his findings and determinations concerning witnesses, he provided the parties the opportunity to request additional relevant witnesses, and he explained why the appellant decided not to call five additional witnesses. RID at 5 n.5. In addition, the administrative judge provided valid reasoning for his exclusion of L.N. as a witness. RF, Tab 14. The administrative judge also performed a thorough and detailed *Whitmore* analysis as instructed in the Board's remand decision, and he made the necessary findings regarding the appellant's disclosures concerning the RT. RID at 6-13. Based upon our review, we find that the administrative judge correctly found that the agency presented clear and convincing evidence that it would have removed the appellant in the absence of his protected disclosures related to DAPPS and the RT. Accordingly, we conclude that the appellant has shown no basis upon which to disturb the remand initial decision.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. <u>5 U.S.C. § 7703</u>(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. \_\_\_\_ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    /s/ for
_____

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.